JUSTICE HUNT
dissenting.
I dissent. Like the majority, I determine that the committee violated Montana’s open meeting statutes, but reach a different conclusion about what the result should be. I do not find, as the majority did, that the unique circumstances of the violation do not taint the entire process from start to finish. I conclude that it does and the only cure is to commence the proceedings again.
This dissent is not intended as a reflection upon the qualifications of the incumbent, nor his performance in the job from the time he accepted the appointment. On the contrary, there is nothing in the record to indicate anything but competence on his part.
This dissent is aimed at the idea that a process can be tainted from the start, but somehow or other cured en route because the committee which held the meeting without giving notice recommended a person acceptable to the Governor who, if he had found the nominee unacceptable, could have selected another person, even if that second person was not recommended by the nominating committee. While there may be better ways to process a nomination, this is the one provided by statute, and is the one that put the present office holder in the office. It was tainted from the start because of a violation of the open meeting law.
I think the warning at the end of the majority’s opinion that this Court will not “hesitate to affirm a district court’s determination to *335 void such decisions or reverse a court’s refusal to do so” rings hollow in view of this Court’s conclusion in this case.
I would hold that the process should be started over and conducted in accordance with Montana’s Constitution and statutes.
JUSTICE TRIEWElLER joins in the foregoing dissent.